Tirath SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74719.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

Jeffrey D. Johnson, Johnson, Daniels & Associates, New York, NY, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jamie M. Dowd, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Tirath Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen his removal proceedings and to remand to the Immigration Judge to apply for adjustment of status. We review for an abuse of discretion, *see Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen, which was based in part on allegations of ineffective assistance of counsel, because it was filed more than three years after the BIA's April 2, 2002 order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh did not demonstrate that he acted with due diligence, *see Iturribarria v. INS*, 321 F.3d 889, 898 (9th Cir.2003) (stating that the court recognizes equitable tolling of deadlines on motions to reopen when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error) (citations omitted).

We lack jurisdiction to review the BIA's April 2, 2002 order because Singh did not seek judicial review of that order within 30 days. *See* 8 U.S.C. § 1252(b)(1).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).